**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BILLY J. DAVIDSON
ADC #651008**                                                                            **PLAINTIFF**

**V.**                     **CASE NO. 4:14-CV-752 KGB/BD**

**W. BROWN, et al.**                                                               **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.  Discussion:**

Billy Davidson, an Arkansas Department of Correction ("ADC") inmate housed at the Tucker Unit, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. Davidson alleges that the Defendants improperly allowed his victim's family member to be present during his parole hearing.  Mr. Davidson claims that this conduct put him at risk of harm and violated ADC policy.  Read liberally, he also alleges that the Defendants' conduct resulted in the denial of his parole.  He names as Defendants:  W. Brown, a parole board member; Muscle White, the Assistant Warden of the Malvern Unit of the ADC; and Ms. Dorn, a parole officer.  Mr. Davidson's claims against these Defendants cannot survive initial screening.

Federal courts screen all prisoner complaints that seek relief against a government entity, officer, or employee.  28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a for relief; or that seek money from a defendant who is immune from paying damages are to be dismissed before the defendants are served.  28 U.S.C. § 1915A.

For purposes of screening Mr. Davidson's complaint, the Court will assume that it was a violation of ADC policy to allow a victim or a victim's family member to attend a

parole hearing. Even so, the Defendants' failure to follow ADC policy or procedure is not a constitutional violation. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

To the extent that Mr. Davidson claims that he was improperly denied parole in January 2014, this claim fails. An inmate has no protected liberty interest in the possibility of parole or release before the expiration of a validly imposed sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979) and *Hamilton v. Brownlee*, 227 Fed. Appx. 114 (8th Cir. 2007) (citing *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate has no constitutionally protected liberty interest in possibility of parole)).

Further, the facts as set out in the Complaint do not state a claim of deliberate indifference to Mr. Davidson's safety. Deliberate indifference to inmate safety involves two elements: first, a showing that a defendant official was aware of facts from which he or she should have inferred that there was a substantial risk of serious harm to the inmate; and second, that the defendant drew that inference but disregarded the danger. *Fields v. Abbott*, 652 F.3d 886, 892 (8th Cir. 2011) (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 806 (8th Cir. 2005)); see also *Berry v. Sherman*, 365 F.3d 631, 634 (8th Cir. 2004) (same).

Here, Mr. Davidson does not allege that the Defendants were aware of any risk in allowing a family member of Mr. Davidson's victim to visit the Malvern Unit during his

parole hearing. Mr. Davidson himself apparently did not know who the man was, and he specifically states in his Complaint that, when he inquired about the identity of the unknown person standing outside of the hearing, Defendant Dorn responded that she did not know who the man was. (#2 at p.7) Mr. Davidson also fails to allege that any named Defendant was aware that the man posed any risk of harm.[1] Thus, Mr. Davidson has failed to present any facts from which the Court can conclude the Defendants acted with deliberate indifference to Mr. Davidson's safety.

Finally, parole board members are absolutely immune from suit in matters related to the consideration and denial of parole. *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006). Parole officers also are entitled to absolute immunity when making a parole recommendation. *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (parole officer is entitled to absolute immunity when preparing parole recommendation); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983) (holding that parole officials, in deciding to grant, deny, or revoke parole, are performing functions comparable to those of judges and are absolutely immune from liability).

## III. Conclusion:

Mr. Davidson has not stated a federal claim against the Defendants. The Court recommends that claims against parole board members W. Brown and Ms. Dorn be

---

[1] Based on allegations in the Complaint, the victim's family member apparently did not physically harm Mr. Davidson in any way.

dismissed with prejudice.  Claims against Muscle White, Assistant Warden of the Malvern Unit of the ADC, should be dismissed without prejudice.

DATED this 7th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE